Philip D. Dapeer (SBN 53378)
E-mail: phil@dapeerlaw.com
PHILIP D. DAPEER, A LAW CORPORATION
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel: 323.954.9144    Fax: 323.954-0457

Attorney for Plaintiff Ronald A. DiNicola

Daniel W. Maguire (SBN 120002)
E-mail: dmaguire@bwslaw.com
Cindy Mekari (SBN 272465)
E-mail: cmekari@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendants Unum Life Insurance Company of America, Provident Life and Accident Insurance Company, and Unum Group

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RONALD A. DiNICOLA,<br><br>Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; UNUMPROVIDENT CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-1437 SVW (AJWx)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, by and among the parties to this action, Plaintiff Ronald A. DiNicola ("Plaintiff") and Defendants Unum Life Insurance Company of America ("Unum Life"), Provident Life and Accident

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

- 1 -

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

Insurance Company ("PLA") and Unum Group (erroneously sued as UnumProvident Corporation) ("Unum") (collectively referred to herein as "the parties") that certain documents or information produced in the process of Plaintiff's pending disability claim and/or discovery shall be subject to the following Agreement with respect to confidentiality and privacy to expedite the flow of information between the parties, and facilitate the prompt resolution of disputes over confidentiality, subject to the approval of the Court.

1. The parties contend that certain discovery and information to be exchanged in this case, specifically Plaintiff's billing records, Defendants' interrogatory answers and documents produced, will contain confidential non-public information of a personal or privileged nature which may constitute confidential information pertaining to a non-party. The parties do not wish unreasonably to impede or burden the investigation or discovery process but, have entered into this agreement to facilitate investigation and discovery. The parties contend that materials designated as "CONFIDENTIAL" pursuant to the procedures below should be protected by a Court order rather than by a private agreement because the entry of a protective order would carry the weight of the Court's imprimatur and authorize the exercise of its contempt power over any potential violations of this protective order. A private agreement between the parties would not serve to fully protect the confidential nature of the "CONFIDENTIAL" materials from unwarranted disclosure, as it would not provide sufficient remedies in the event of disclosure and would therefore not be as strong of a deterrent against such disclosure.

2. Upon entry of an Order by this Court, this Protective Order shall govern the production and disclosure of all information designated as "CONFIDENTIAL" pursuant to this Stipulated Confidentiality Agreement and Protective Order, throughout the entirety of this litigation, any trial or appeal. The parties will cooperate in establishing procedures acceptable to the Court with

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

- 2 -

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

respect to the protection of information designated as "CONFIDENTIAL" pursuant to this Protective Order both at trial and upon any appeal of this case.

3. For purposes of this Protective Order, the term "CONFIDENTIAL" as used in this Agreement means any type or classification of information which contains confidential and proprietary information, including financial information pertaining to Plaintiff, Defendants and/or any third party, documents or information subject to the attorney-client privilege and/or attorney work product doctrine, Plaintiff's billing records[1], or such other information which any of the parties to this action consider confidential or proprietary. Such information shall be designated as "CONFIDENTIAL" by the supplying party, whether it be a document, information revealed in an interrogatory answer or otherwise. In designating information as "CONFIDENTIAL" the supplying party will make such designation only as to that information which the supplying party in good faith believes contains confidential or proprietary information.

4. For purposes of this Protective Order, the phrase "Discovery Materials" refers to Plaintiff's billing records and to Defendants' responses to interrogatories and documents produced by Defendants in discovery.

5. This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

6. The special treatment accorded the Discovery Materials designated "Confidential" under this Order shall reach:

    (a) All Discovery Materials designated "Confidential" under the terms of this Order;

    (b) All copies of such Discovery Materials;

---

[1] Defendants have agreed to accept billing records from Plaintiff which redact his clients' names and other proper names.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

- 3 -

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

  (c) Any deposition transcript or exhibit, or portion thereof, that discusses such Discovery Materials;

  (d) Any portion of any discovery answer or response, affidavit, declaration, brief or other paper, filed with the Court, or as an exhibit to such paper that discusses such Discovery Materials.

  (e) Any deposition transcript or portion thereof that is designated "Confidential" under the terms of this Order; and

  (f) All information contained in such Discovery Materials or depositions.

 7. Each party shall keep confidential and not use or disseminate outside the boundaries of this litigation any Discovery Materials that any other party designates as "CONFIDENTIAL" except as provided in paragraphs 8-10 below.

 8. Except as provided in paragraphs 8-10, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

  (a) Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of processing Plaintiff's claim for disability benefits, and prosecuting or defending this action, and for no other purposes, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions.

  (b) "CONFIDENTIAL" designated Discovery Materials shall only be disseminated to or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

- 4 -

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

services; (2) named individual parties, which includes employees of any company, assisting in the defense of the action; (3) the court and court personnel, in accordance with the terms specified below in paragraphs 9-10; (4) actual or prospective deposition or trial witnesses to testify concerning the suit; (5) individuals adjudicating, processing, and/or reviewing Plaintiff's claim for disability benefits, including medical and vocational personnel of Defendants; (6) actual or prospective experts and consultants retained or consulted by a party or a party's counsel in the course of this action; (7) any private mediator or other ADR professional retained or selected by the parties to assist in the resolution of the matter; and (8) Federal and state tax authorities and entities with which the parties have contractual and/or reporting obligations including the California Department of Insurance or any other governmental body or agency or any proceedings in connection with the same, or any other agency or department working in conjunction with or at the direction of any state Department of Insurance or any governmental agency or body, and then only to the extent necessary. These persons shall not disclose, discuss or reveal the contents or existence of the Protected Information or the actual Protected Information itself to any other person or entity not specifically described in this paragraph. There shall be no other permissible dissemination of "CONFIDENTIAL" Discovery Materials.

(c) If a party produces any Discovery Materials that mention or reference any other party to this litigation, or such other party's employees, consultants, vendors or agents (past or present), such Discovery Materials shall be designated as "CONFIDENTIAL," unless express written consent of that other party is obtained.

(d) No copies, extracts or summaries of any document designated "CONFIDENTIAL" shall be made except by or on behalf of Counsel of

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

(e) No person authorized to receive access to "CONFIDENTIAL" Discovery Materials under the terms of this Order (except for those persons identified in paragraphs 8(b)(1)-(3) of this Order) shall be granted access to them until such person has read this Order and agreed in writing to be bound by it pursuant to the Certification of Compliance form attached hereto as Exhibit 1. Consultants shall be specifically advised that the portion of their written work product, which contains or discloses the substance of Discovery Materials designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order. Counsel of Record disclosing such material to the persons identified in paragraphs 8(b)(4)-(6) shall be responsible for obtaining the executed Certification of Compliance in advance of such disclosure and also shall retain the original executed copy of said Certifications of Compliance. No "CONFIDENTIAL" Discovery Material may be disclosed to any person identified in paragraphs 8(b)(4)-(6) prior to execution of the form attached as Exhibit 1.

9. Materials designated "CONFIDENTIAL," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such "CONFIDENTIAL" materials and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "CONFIDENTIAL" and separately filed in accordance with paragraphs 10 and 11 of this Order.

10. Materials designated "CONFIDENTIAL," and all information in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any hearing in this litigation, provided that when using "CONFIDENTIAL"

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

- 6 -

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

materials in Court, counsel for the party using the "CONFIDENTIAL" materials shall take steps to insure against inadvertent disclosure of the "CONFIDENTIAL" materials to persons not subject to this Order.

11. Any "CONFIDENTIAL" materials marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "CONFIDENTIAL" materials at a deposition, at the request of the party asserting confidentiality, the portion of the deposition transcript that relates to such documents or information shall be stamped "CONFIDENTIAL" and sealed separately from the remainder of the transcript, and shall be treated as "CONFIDENTIAL" under the provisions of this Order.

12. Any party may, within thirty (30) days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as being "CONFIDENTIAL." Confidential deposition testimony or exhibits may be designated by stamping the exhibits "CONFIDENTIAL," or by underlining the portions of the pages that are confidential and stamping such pages "CONFIDENTIAL." Until expiration of the 30-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order. If no party timely designates testimony or exhibits from a deposition as being "CONFIDENTIAL," none of the deposition testimony or exhibits will be treated as confidential. If a timely "CONFIDENTIAL" designation is made, the confidential portions and exhibits shall be sealed separately from the remaining portions of the deposition, subject to the right of any party to challenge such designation under paragraph 20.

13. Materials designated "CONFIDENTIAL," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such "CONFIDENTIAL" materials and information, and any portion of any paper filed

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

- 7 -

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

with the Court that discusses or refers to them, are stamped "CONFIDENTIAL" and separately filed in accordance with paragraph 14 of this Order.

14. Materials designated "CONFIDENTIAL," and all information in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any hearing in this litigation, provided that when using "CONFIDENTIAL" materials in Court, counsel for the party using the "CONFIDENTIAL" materials shall take steps to insure against inadvertent disclosure of the "CONFIDENTIAL" materials to persons not subject to this Order.

If any party desire that materials, which are or contain confidential information be filed with the Court, that party shall give opposing counsel ten (10) days notice. Thereafter, any party objecting to said filing may file a motion requesting that the papers be filed under seal and shall submit these papers to the undersigned Judge in chambers. The Court will review the materials *in camera* in order to determine if they meet the criteria for ordering them sealed. In the event the Court determines that the papers may not be sealed, they will be returned to the party filing the motion. If the papers are sealed, they will be maintained by the Clerk under seal for thirty (30) days after the final conclusion of this litigation, including all appeals, at which time they will be unsealed unless the proper party requests their return prior to that time. In that event, the papers will be returned to that party.

15. "CONFIDENTIAL" materials produced by any party in response to discovery requests served after the filing of the complaint in this suit and prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order has been entered by the Court, unless the Court directs otherwise.

16. If any party desires that materials, which are or contain confidential information be filed with the Court, that party shall ensure that any confidential information is redacted from briefs which are filed electronically with the Court and

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

- 8 -

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

subject to public access. The parties will then provide the Court's chambers with their briefs which contain the confidential information.

17. Any written Order or Opinion issued from this Court when referencing information contained within the Discovery Materials marked "CONFIDENTIAL," the Court will take steps to insure that the identity of persons within the "CONFIDENTIAL" materials and any confidential, proprietary and/or financial information meant to be protected by this ORDER, are not revealed through direct reference or contextual reference within the Order/Opinion.

18. In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies "CONFIDENTIAL," pursuant to paragraph 6, above.

19. The disclosure of any Discovery Materials pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the information disclosed is a trade secret or is proprietary.

20. If any dispute arises concerning whether information designated as "CONFIDENTIAL" should in fact be considered as "CONFIDENTIAL" information for purposes of this Protective Order, the parties shall comply with Local Rule 37. Prior to the determination of any such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL."

21. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore, and within sixty (60) days thereof, unless otherwise agreed, counsel for each party shall return or destroy all

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies thereof, to counsel for the party that produced said materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such "CONFIDENTIAL" Discovery Materials within ten (10) business days of destruction.

22. The Clerk of the Court shall, upon request of a party that produced any "CONFIDENTIAL" Discovery Materials, return to such party all documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this Protective Order. As to those documents or things containing such information which cannot be so returned, they shall continue to be kept under seal and shall not be examined by any person without a prior Court order, after due notice to Counsel of Record, or the written stipulation of each of Counsel of Record.

23. Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any of its terms preclude a party from seeking and obtaining, upon an appropriate showing, additional protection with respect to personal, financial, or confidential information or any other discovery material, including, but not limited to, restrictions on disclosure. Nothing contained herein relieves any party of its obligation to respond to discovery properly initiated pursuant to the Discovery Order.

24. Pursuant to Fed. R. Civ. Proc. Rule 26, the parties hereby stipulate to the following treatment of any privileged or work product materials inadvertently disclosed in this action. The parties agree that disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

privilege as to any other document or communication allegedly so protected, even involving the same subject matter. The parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind. If any such material is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine. The parties acknowledge and stipulate that diligent steps have been taken to protect privileged/protected documents from disclosure, and that any production of privileged material or material protected by the work product doctrine is deemed inadvertent and does not amount to a waiver.

25. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties.

26. Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

27. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order. Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

///
///
///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

- 11 -

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

IT IS SO STIPULATED.

DATED: May 16, 2017　　　　　PHILIP D. DAPEER,
　　　　　　　　　　　　　　　　A LAW CORPORATION


By: *s/ Philip D. Dapeer*
　　PHILIP D. DAPEER
　　Attorney for Plaintiff Ronald A. DiNicola


DATED: May 16, 2017　　　　　BURKE, WILLIAMS & SORENSEN, LLP


By: *s/ Daniel W. Maguire*
　　DANIEL W. MAGUIRE
　　CINDY MEKARI
　　Attorneys for Defendants Unum Life
　　Insurance Company of America,
　　Provident Life and Accident Insurance
　　Company, and Unum Group


## **SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to Philip D. Dapeer, counsel for Plaintiff Ronald A. DiNicola, and that I have obtained Mr. Dapeer's authorization to affix his electronic signature to this document.


By: *s/ Daniel W. Maguire*
　　DANIEL W. MAGUIRE
　　CINDY MEKARI
　　Attorneys for Defendants Unum Life
　　Insurance Company of America,
　　Provident Life and Accident Insurance
　　Company, and Unum Group

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

- 12 -

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

# EXHIBIT 1

## AGREEMENT FOR CONFIDENTIALITY OF INFORMATION

In consideration of the disclosure to me of certain information which is subject to an Agreement for Confidentiality of Information ("Agreement"), I state as follows:

1. That I reside at _____, in the City and County of _____ and the State of _____.

2. That I have read and understand the Agreement for Confidentiality of Information dated _____.

3. That I agree to comply with and be bound by the provisions of the Agreement.

4. That I will not divulge to persons other than those specifically authorized by paragraph 3 of the Agreement, and will not copy or use, except solely for the purposes of this assignment, any confidential document or information as defined by the Agreement, except as provided herein.

5. That I understand that if I violate the terms of the Agreement, I may be subject to civil action and/or an enforcement proceeding before the Court, including an application to have me held in contempt if this claim is in litigation.

6. That I agree to submit myself to the personal jurisdiction of a California state or federal court in connection with any proceedings seeking enforcement of the Agreement.

Dated: _____   _____
                          Signature

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

- 13 -

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

# **PROTECTIVE ORDER**

Upon consideration of the Stipulated Confidentiality Agreement and Protective Order between the parties in *Ronald A. DiNicola v. Unum Life Insurance Company of America; Provident Life and Accident Insurance Company; UnumProvident Corporation; and Does 1 through 10, inclusive*, Case No. 2:17-cv-1437 SVW (AJWx), the Court hereby approves of said Agreement and orders the parties to comply with its terms. Designated "CONFIDENTIAL" Discovery Materials to be produced by any of the parties shall be subject to this Stipulated Protective Order.

IT IS SO ORDERED.

DATED: May 19, 2017

_____
HON. ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

C:\Users\Berton-M\Desktop\DiNicola- Revised Stipulated

- 14 -

CASE NO. 2:17-cv-1437-SVW (AJWx)
STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER